UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.10-6873-6B7
Adv. File No. 10-299

In the Matter of:

ROBERT J. VEGA

    Debtor.
_____

SCOTT A. BROWN

    Plaintiff,
v.
ROBERT J. VEGA

    Defendant.
_____/

## MOTION TO COMPEL ON OBJECTION TO SUBPOENA

COMES NOW the Defendant, by and through his undersigned attorneys, and files this his Motion to compel on the objection to subpoena by Pete Carr, and as grounds therefor states as follows:

1.    On June 23, 2011, a subpoena was served on Peter Carr, Jr., Esquire and the Carr Law Firm, P.A. ("non-parties").

2.    An objection to the subpoena was filed on July 7, 2011.

3.    The grounds in the subpoena and the reason these are not good grounds are as follows:

    A)    "The subpoena fails to sufficiently identify the documents that are commanded to be produced". The attached Exhibit "A" are the documents to be produced. Prior to filing its objection, if the non-parties did not have the Exhibit "A", the non-parties could have requested the Exhibit "A". In Moye v. Vega, Adv. File No. 10-294, many of the documents

1

requested were set forth in a subpoena that was served on the same non-parties. It too was objected to by the same non-parties. Because the case settled, the matter was not brought up for hearing. Prior to this subpoena, the undersigned attempted to contact the attorney objecting to the subpoena and alerted the attorney a new subpoena would be served, similar to the one in the Moye case, and invited the attorney to call to discuss the subpoena. Notwithstanding, the attorney did not call and filed the objection.

B) "It may seek information protected by the attorney-client privilege". The non-parties have not created a privilege log and should not be entitled to this objection without creating the privilege log.

C) "It may seek information that is protected by the work product privilege". Once again, no privilege log is created. Alternatively, there is no pending case identified by the non-parties for which the work product rule would apply.

D) "It may seek information that is subject to a confidentiality agreement". Once again, there is no document identified. As the only conceivable document known to Vega is a settlement agreement and Vega was a member of the LLC that settled, Vega should be entitled to the document. Also, Vega could agree to certain protective uses of the document.

E) "It may subject non-parties to undue burden". Once again, insufficient information is given to know what is the burden.

F) "It fails to allow a reasonable time to comply". As the subpoena was served on June 23, 2011, and documents were to be produced July 18, 2011, this argument seems specious, at best.

4. Plaintiff's counsel has attempted communications with the non-parties, but

telephone calls have not been returned.

    WHEREFORE, it is prayed the Court compel the documents be produced and award Defendant's counsel reasonable attorney fees.

    I HEREBY CERTIFY that a true copy of the foregoing with attachment, was furnished by United States Mail to Peter F. Carr, Jr., Esquire, 189 S. Orange Avenue, #1520B, Orlando, Florida 32801 this 14th day of July, 2011.

                      Raymond J. Rotella, of
                        KOSTO & ROTELLA, P.A.
                        POST OFFICE BOX 113
                        ORLANDO, FLORIDA 32802
                        TELEPHONE 407/425-3456
                        FACSIMILE 407/423-5498
                        FLORIDA BAR NO. 157951
                        Rrotella@kostoandrotella.com
                        Attorneys for Defendant

# SUBPOENA DOCUMENTS FROM THE CARR LAW FIRM PA AND ATTORNEY PETE CARR

1. Any and all documents including, but not limited to contracts, settlement agreements, notes, memos, invoices, bills, receipts, cancelled checks, statements, correspondence and e-mails relating to Winter Park Partners Development LLC from January 2007 to present.
2. Any and all documents including, but not limited to e-mails, correspondence with Mark Nasrallah, his architectural firm, his attorneys representing him or his firm and any other entity representing Mark Nasrallah relating to Winter Park Partners Development LLC, RJV Homes or Robert Vega from January 2007 to present.
3. Any and all documents including, but not limited to e-mails, correspondence with 1st National Bank of Central Florida relating to Winter Park Partners Development LLC, RJV Homes or Robert Vega from January 2007 to present.
4. Any and all documents including, but not limited to e-mails, correspondence with Scott Brown relating to Winter Park Partners Development LLC, RJV Homes or Robert Vega from January 2007 to present.
5. Any and all documents including, but not limited to e-mails, correspondence with Richard Daughtery and/or Trovillion & Daughtery Construction relating to Winter Park Partners Development LLC, RJV Homes or Robert Vega from January 2007 to present.


EXHIBIT A

6. Any and all documents including, but not limited to e-mails, correspondence with Steve Alkhoja relating to Winter Park Partners Development LLC, RJV Homes or Robert Vega from January 2007 to present.
7. Any and all documents including, but not limited to e-mails, correspondence with Robert "Chip " Mayberry relating to Winter Park Partners Development LLC, RJV Homes or Robert Vega from January 2007 to present.
8. Any and all documents including, but not limited to e-mails, correspondence with Jay Cary relating to Winter Park Partners Development LLC, RJV Homes or Robert Vega from January 2007 to present.
9. Any and all documents including, but not limited to e-mails, correspondence with William Prothero relating to Winter Park Partners Development LLC, RJV Homes or Robert Vega from January 2007 to present.
10. Any and all documents including, but not limited to e-mails, correspondence with Tina Prothero relating to Winter Park Partners Development LLC, RJV Homes or Robert Vega from January 2007 to present.
11. Any and all documents including, but not limited to e-mails, correspondence with Dr. Curtis Weaver relating to Winter Park Partners Development LLC, RJV Homes or Robert Vega from January 2007 to present.
12. Any and all documents including, but not limited to e-mails, correspondence with Madison Mayberry relating to Winter Park Partners Development LLC, RJV Homes or Robert Vega from January 2007 to present.
13. Any and all documents including, but not limited to e-mails, correspondence with Michael Brown relating to Winter Park Partners Development LLC, RJV Homes or Robert Vega from January 2007 to present.

14. Any and all documents including, but not limited to e-mails, correspondence with Frank Torchia relating to Winter Park Partners Development LLC, RJV Homes or Robert Vega from January 2007 to present.
15. Any and all documents including, but not limited to e-mails, correspondence with Diane Torchia relating to Winter Park Partners Development LLC, RJV Homes or Robert Vega from January 2007 to present.
16. Any and all documents including, but not limited to e-mails, correspondence with Virginia Smith relating to Winter Park Partners Development LLC, RJV Homes or Robert Vega from January 2007 to present.
17. Any and all documents including, but not limited to e-mails, correspondence with Charles Huhn relating to Winter Park Partners Development LLC, RJV Homes or Robert Vega from January 2007 to present.
18. Any and all documents including, but not limited to e-mails, correspondence with James Moye and The Law Firm of Moye, O'Brien, O'Rourke, Pickert & Dillion LLP relating to Winter Park Partners Development LLC, RJV Homes or Robert Vega from January 2007 to present.
19. Any and all documents including, but not limited to e-mails, correspondence with The Law Firm of John DiMasi relating to Winter Park Partners Development LLC, RJV Homes or Robert Vega from January 2007 to present.
20. Any and all documents including, but not limited to e-mails, correspondence with Attorney Michael Ungerbuehler relating to Winter Park Partners Development LLC, RJV Homes or Robert Vega from January 2007 to present.

21. Any and all documents including, but not limited to e-mails, correspondence with The City of Winter Park relating to Winter Park Partners Development LLC, RJV Homes or Robert Vega from January 2007 to present.
22. Any and all documents including, but not limited to e-mails, correspondence with any government agency, law enforcement agencies and/or the Internal Revenue Service relating to Winter Park Partners Development LLC, RJV Homes or Robert Vega from January 2007 to present.