UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.10-6873-6B7
Adv. File No. 10-299

In the Matter of:

ROBERT J. VEGA

     Debtor.
_____

SCOTT A. BROWN

     Plaintiff,

v.

ROBERT J. VEGA

     Defendant.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW the Defendant, ROBERT J. VEGA, by and through his undersigned attorneys, and files this his Answer and Affirmative Defenses to Plaintiff's Complaint, as follows:

### ANSWER

1.     Admit.

2.     Admit.

3.     Admit.

4.     Admit.

5.     Admit.

6.     Admit.

7.     Admit.

8.     Without waiving an objection to relevance since this appears to relate to the now dismissed Count II, the Defendant admits the allegation.

1

9.      Without waiving an objection to relevance since this appears to relate to the now dismissed Count II, the Defendant admits Vega is the 100% shareholder of RJV Homes, but denies the rest of the allegation as stated.

10.      Without waiving an objection to relevance since this appears to relate to the now dismissed Count II, the Defendant admits the allegation, but do not admit the allegations concerning capital contributions. Vega found the real property and it was his idea to build a condominium project. He knew he would need additional capital not obtained by a bank loan. Vega approached Plaintiff to be the person to fund needed sums. This was the only reason Brown became a member.

11.      Without waiving an objection to relevance since this appears to relate to the now dismissed Count II, the Defendant admits that initially he was the managing member, but near the end of the project, because of an accord and satisfaction between Vega and Brown, it was agreed Brown would become and Brown did become the managing member.

12.      Without waiving an objection to relevance since this appears to relate to the now dismissed Count II, the Defendant denies the allegation as stated.

13.      Without waiving an objection to relevance since this appears to relate to the now dismissed Count II, the Defendant denies the allegation as stated.

14.      Without waiving an objection to relevance since this appears to relate to the now dismissed Count II, the Defendant denies the allegation as stated.

15.      Without waiving an objection to relevance since this appears to relate to the now dismissed Count II, the Defendant denies the allegation as stated.

16.      Without waiving an objection to relevance since this appears to relate to the now

dismissed Count II, the Defendant denies the allegation as stated.

  17. Without waiving an objection to relevance since this appears to relate to the now dismissed Count II, the Defendant denies the allegation as stated.

  18. Without waiving an objection to relevance since this appears to relate to the now dismissed Count II, the Defendant denies the allegation as stated.

  19. Without waiving an objection to relevance since this appears to relate to the now dismissed Count II, the Defendant denies the allegation as stated.

  20. Without waiving an objection to relevance since this appears to relate to the now dismissed Count II, the Defendant denies the allegation as stated.

  21. Without waiving an objection to relevance since this appears to relate to the now dismissed Count II, the Defendant denies the allegation as stated.

  22. Without waiving an objection to relevance since this appears to relate to the now dismissed Count II, the Defendant denies the allegation as stated.

  23. Without waiving an objection to relevance since this appears to relate to the now dismissed Count II, the Defendant denies the allegation as stated.

  24. Without waiving an objection to relevance since this appears to relate to the now dismissed Count II, the Defendant denies the allegation as stated as stated.

  25. Without waiving an objection to relevance since this appears to relate to the now dismissed Count II, the Defendant denies the allegation as stated.

  26. Without waiving an objection to relevance since this appears to relate to the now dismissed Count II, the Defendant denies the allegation as stated.

  27. Without waiving an objection to relevance since this appears to relate to the now

dismissed Count II, the Defendant denies the allegation as stated.

28.    Without waiving an objection to relevance since this appears to relate to the now dismissed Count II, the Defendant denies the allegation as stated.

29.    Without waiving an objection to relevance since this appears to relate to the now dismissed Count II, the Defendant denies the allegation as stated.

30.    Without waiving an objection to relevance since this appears to relate to the now dismissed Count II, the Defendant denies the allegation as stated.

31.    Without waiving an objection to relevance since this appears to relate to the now dismissed Count II, the Defendant denies the allegation as stated.

32.    Without waiving an objection to relevance since this appears to relate to the now dismissed Count II, the Defendant denies the allegation as stated.

33.    Without waiving an objection to relevance since this appears to relate to the now dismissed Count II, the Defendant denies the allegation as stated.

34.    Without waiving an objection to relevance since this appears to relate to the now dismissed Count II, the Defendant denies the allegation as stated.

35.    Without waiving an objection to relevance since this appears to relate to the now dismissed Count II, the Defendant denies the allegation as stated.

36.    Without waiving an objection to relevance since this appears to relate to the now dismissed Count II, the Defendant denies the allegation as stated.

37.    Without waiving an objection to relevance since this appears to relate to the now dismissed Count II, the Defendant denies the allegation as stated.

38.    Without waiving an objection to relevance since this appears to relate to the now

dismissed Count II, the Defendant denies the allegation as stated.

39.    Without waiving an objection to relevance since this appears to relate to the now dismissed Count II, the Defendant denies the allegation as stated.

40.    Without waiving an objection to relevance since this appears to relate to the now dismissed Count II, the Defendant denies the allegation as stated.

41.    Without waiving an objection to relevance since this appears to relate to the now dismissed Count II, the Defendant denies the allegation as stated.

42.    Without waiving an objection to relevance since this appears to relate to the now dismissed Count II, the Defendant denies the allegations as stated.

43.    Without waiving an objection to relevance since this appears to relate to the now dismissed Count II, the Defendant denies the allegation as stated.

44.    Without waiving an objection to relevance since this appears to relate to the now dismissed Count II, the Defendant denies the allegation as stated.

45.    Without waiving an objection to relevance since this appears to relate to the now dismissed Count II, the Defendant denies the allegation as stated.

46.    Without waiving an objection to relevance since this appears to relate to the now dismissed Count II, the Defendant denies the allegation as stated.  Vega will admit he did personally borrow money from Pridgen.

47.    Without waiving an objection to relevance since this appears to relate to the now dismissed Count II, the Defendant denies the allegation as stated.

48.    Without waiving an objection to relevance since this appears to relate to the now dismissed Count II, the Defendant denies the allegation as stated.

49.     Without waiving an objection to relevance since this appears to relate to the now dismissed Count II, the Defendant denies the allegation as stated.

50.     Without waiving an objection to relevance since this appears to relate to the now dismissed Count II, the Defendant denies the allegation as stated.

51.     Without waiving an objection to relevance since this appears to relate to the now dismissed Count II, and without waiving Fifth Amendment privileges, the Defendant denies the allegation as stated.

52.     Without waiving an objection to relevance since this appears to relate to the now dismissed Count II, and without waiving Fifth Amendment privileges, the Defendant denies the allegation as stated.

53.     Without waiving an objection to relevance since this appears to relate to the now dismissed Count II, and without waiving Fifth Amendment privileges, the Defendant denies the allegation as stated.

54.     Without waiving an objection to relevance since this appears to relate to the now dismissed Count II, and without waiving Fifth Amendment privileges, the Defendant denies the allegation as stated.

55.     Without waiving an objection to relevance since this appears to relate to the now dismissed Count II, the Defendant denies the allegation as stated.

56.     Without waiving an objection to relevance since this appears to relate to the now dismissed Count II, the Defendant denies the allegation as stated.

57.     Without waiving an objection to relevance since this appears to relate to the now dismissed Count II, the Defendant denies the allegation as stated.

58.     Without waiving an objection to relevance since this appears to relate to the now dismissed Count II, the Defendant denies the allegation as stated.

59.     Without waiving an objection to relevance since this appears to relate to the now dismissed Count II, and without waiving Fifth Amendment privileges, the Defendant denies the allegation as stated.

60.     Without waiving an objection to relevance since this appears to relate to the now dismissed Count II, the Defendant denies the allegation as stated.

61.     Without waiving an objection to relevance since this appears to relate to the now dismissed Count II, and without waiving Fifth Amendment privileges, the Defendant denies the allegation as stated.

62.     Without waiving an objection to relevance since this appears to relate to the now dismissed Count II, the Defendant denies the allegation as stated.

63.     Without waiving an objection to relevance since this appears to relate to the now dismissed Count II, the Defendant denies the allegation as stated.

64.     Without waiving an objection to relevance since this appears to relate to the now dismissed Count II, the Defendant denies the allegation as stated.

65.     Without waiving an objection to relevance since this appears to relate to the now dismissed Count II, the Defendant denies the allegation as stated.

66.     Without waiving an objection to relevance since this appears to relate to the now dismissed Count II, the Defendant denies the allegation as stated.

67.     Without waiving an objection to relevance since this appears to relate to the now dismissed Count II, the Defendant denies the allegation as stated.

68.     Without waiving an objection to relevance since this appears to relate to the now dismissed Count II, the Defendant denies the allegation as stated.

69.     Without waiving an objection to relevance since this appears to relate to the now dismissed Count II, the Defendant denies the allegation as stated.

70.     Without waiving an objection to relevance since this appears to relate to the now dismissed Count II, the Defendant denies the allegation as stated.

71.     Without waiving an objection to relevance since this appears to relate to the now dismissed Count II, the Defendant denies the allegation as stated.

72.     Without waiving an objection to relevance since this appears to relate to the now dismissed Count II, the Defendant denies the allegation as stated.

73.     Without waiving an objection to relevance since this appears to relate to the now dismissed Count II, the Defendant denies the allegation as stated.

74.     Without waiving an objection to relevance since this appears to relate to the now dismissed Count II, the Defendant denies the allegation as stated.

75.     Without waiving an objection to relevance since this appears to relate to the now dismissed Count II, the Defendant denies the allegation as stated.

76.     Without waiving an objection to relevance since this appears to relate to the now dismissed Count II, the Defendant denies the allegation as stated.

77.     Without waiving an objection to relevance since this appears to relate to the now dismissed Count II, the Defendant denies the allegation as stated.

78.     Without waiving an objection to relevance since this appears to relate to the now dismissed Count II, the Defendant denies the allegation as stated.

79.    Without waiving an objection to relevance since this appears to relate to the now dismissed Count II, the Defendant denies the allegation as stated.

80.    Without waiving an objection to relevance since this appears to relate to the now dismissed Count II, the Defendant denies the allegation as stated.

81.    Without waiving an objection to relevance since this appears to relate to the now dismissed Count II, the Defendant denies the allegation as stated.

82.    Without waiving an objection to relevance since this appears to relate to the now dismissed Count II, the Defendant denies the allegation as stated.

83.    Without waiving an objection to relevance since this appears to relate to the now dismissed Count II, the Defendant denies the allegation as stated.

84.    Without waiving an objection to relevance since this appears to relate to the now dismissed Count II, the Defendant denies the allegation as stated.

85.    Without waiving an objection to relevance since this appears to relate to the now dismissed Count II, the Defendant denies the allegation as stated.

86.    Without waiving an objection to relevance since this appears to relate to the now dismissed Count II, the Defendant denies the allegation as stated.

## COUNT I

87.    Defendant realleges its prior answers to paragraphs 1 through 86 above.

88.    Denied.

89.    Denied.

90.    Denied.

91.    Denied.

9

92.    Denied.

93.    Denied.

94.    Denied.

95.    Denied.

WHEREFORE, Defendant prays the Court dismiss Count I with prejudice.

## COUNT II

96 - 102.  Because the Court dismissed Count II, the Defendant will not answer this count.

## COUNT III

103.    Defendant realleges its prior answers to paragraphs 1 through 86 above.

104.    Denied.

105.    Denied.

106.    Denied.

107.    Deny Plaintiff entrusted any funds to Defendant.

108.    Denied.

109.    Without waiving an objection to relevance since this appears to relate to the now dismissed Count II, the Defendant denies the allegation.

110.    Denied.

WHEREFORE, Defendant prays the Court dismiss  Count III with prejudice.

## AFFIRMATIVE DEFENSES

1.    Any funds claimed to be misappropriated in Count III if misappropriated, were funds of the legal entity known as Winter Park Partners Development LLC ("WPPD"), and not

those of Plaintiff. Therefore, Brown's claim is without substance and he has no standing to pursue these claims.

2.     The only money Brown put into the project were sums paid for his 50% membership interest and all sums were paid into WPPD and not paid to Defendant, so that Brown would be a 50% member of WPPD.

3.     Much of the claimed sums that Brown claims were improperly expended by WPPD were monies improperly repaid from WPPD by Brown after he took over the management of WPPD.

4.     Before the construction began, Brown knew of four other investors - Prothero; Mayberry (Chip); Michael Brown ; Madison Mayberry and consented to their being members in WPPD.

5.     The bank loan was $2,250,000. Plaintiff knew it would take another $2,000,000 to build out the condominium project.  Brown knew the $2,500,000 would only buy the land and build the shell.

6.     Defendant put hundreds of thousands of dollars into the WPPD project to keep the project going because Brown, who was the financier of the project, did not fulfill his obligation and agreement to fulfill his obligation and duty to fund the project as he had done in two other joint ventures with the Defendant.

7.     Over the life of the WPPD project, Defendant funded money into WPPD because Plaintiff did not fund the project or find additional lenders. The only reason Defendant agreed to Plaintiff becoming an investor in WPPD was in exchange for the Plaintiff funding the condominium project or finding additional investors.  Defendant put into WPPD, $425,000

before bank loan . Plaintiff was to be the investor for the project.  Plaintiff failed to fund the project with all needed sums over and above the bank loan, causing the construction to fail.

8.    Plaintiff ratified investors he claims he did not know about when Plaintiff kept investor money rather than to return same to the investors he claims Vega improperly brought in as investors.

9.    Prior to bankruptcy, Brown and Vega entered into an accord and satisfaction.  It was agreed Vega would reduce his membership interest to 15% and allow Brown to become the managing member to settle claims, settle the disputed claim that Vega diluted Brown's membership interest by bringing in other investors.

10.    There has never been a Debtor-Creditor relationship between Plaintiff and Defendant and therefore, the Plaintiff has no standing to pursue an exception to discharge case.

11.    Brown was an investor in other projects with Vega and made profits on these investments showing that Vega never sought to defraud Brown with the WPPD project.

12.    Plaintiff did not make an additional $90,000 contribution as alleged in paragraph 106.  Rather, Brown lent the money to a Mr. Jay Cary.

I HEREBY CERTIFY that a true copy of the foregoing was furnished by United States Mail and/or electronic transmission, to Richard Tami, Esquire, 7645 Persian Court, Orlando, Florida 32819 this 14th day of January, 2013.

Raymond J. Rotella, of
KOSTO & ROTELLA, P.A.
POST OFFICE BOX 113
ORLANDO, FLORIDA 32802
TELEPHONE 407/425-3456
FACSIMILE 407/423-5498
FLORIDA BAR NO. 157951
Rrotella@kostoandrotella.com
Attorneys for Defendant